[No. 1233.]

## THOMAS ALLEN *v.* THE STATE.

1. AGGRAVATED ASSAULT—INFORMATION for aggravated assault which fails to charge directly and affirmatively that the accused did commit the offense is insufficient.  " Information makes, as shown by complaint of—," etc., will not suffice.

2. SAME.—It is a general rule that an indictment or information must directly and with certainty aver the facts which constitute the offense, and not leave them to be deduced by argument or inference.  Hence an indictment for aggravated assault must charge some or one of the statutory grounds of aggravation.

3. SAME—"COMMON SENSE" INDICTMENT BILL.—The form of indictment for aggravated assault prescribed by the " Common Sense" Indictment Bill (Gen'l Laws Seventeenth Legislature, page 61, section 11, form 4) is unconstitutional.

APPEAL from the County Court of Van Zandt.  Tried below before the Hon. R. H. Allen, County Judge.

The offense intended to be charged was an aggravated assault upon S. C. Wilson.  The verdict of guilty assessed the punishment at a fine of twenty-five dollars.  The charging clause of the information is set out in the opinion of the court.

The testimony in brief, on the part of the prosecution, was to the effect that, on the day of the alleged assault, Wilson, the injured party, through the little son of the defendant, received a message from the latter to call at his house for his mule.  He went, and when he had secured his mule, the defendant approached him, and, within six feet of him, with a cocked six-shooter presented at his body, said: "I have a settlement to make with you; you swore a lie on me in the county court about

stealing some cotton." Wilson, who was the witness, replied: "If I have, it is done now and can't be helped." After the defendant cursed and abused Wilson for some time he fired his pistol to one side.

The witness Dickerson testified that, in a subsequent conversation with him, the defendant told him of his difficulty with Wilson, and said that at the time he had his pistol in his hand and fired it off over Wilson's head, but did not say how close he was to Wilson.

Mrs. Allen testified, for the defense, that she was defendant's wife, and was present at the difficulty. Wilson brought with him a rope some twenty feet long and about one inch thick. One end of it he secured around his mule's neck, and the rest, in a coil, he held in his right hand. Defendant called to him that he had a settlement to make with him, holding his pistol down by his side. Wilson said "all right," and started at defendant with his rope held in a striking attitude. At this point defendant raised his pistol, and laid the barrel across his left hand, pointing from Wilson. He called to Wilson to stop, and Wilson did so. The defendant at no time pointed his pistol at or towards Wilson. There was nothing to prevent him from shooting Wilson, but he made no effort to hurt him. After Wilson, on his return home, had progressed forty or fifty yards, the defendant fired his pistol upwards in the air.

*V. T. McChesney,* for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

WHITE, P. J. This appeal is taken from a judgment rendered in a prosecution based upon an information couched in the following language, viz.: "In the name and by the authority of the State of Texas, comes R. M. Lively, county attorney in and for the county of Van Zandt and State of Texas, duly elected and qualified, now here in the county court of said county information makes that Thomas Allen, *as shown by complaint of S. C. Wilson, made October* 18, 1881, late of the county of Van Zandt, laborer, on the eighteenth day of October, 1881, with force and arms, in the county of Van Zandt, did then and there make an aggravated assault upon the person of S. C. Wilson, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State."

The information was drawn under "the common sense indictment bill," General Laws Seventeenth Legislature, p. 61, sec. 11, form No. 4. A motion to quash was made upon the following grounds: "First. That said information and complaint do not charge the means constituting the aggravation alleged, and do not charge any acts or thing to show aggravation. Second. Because the same are insufficient to give notice to this defendant of what he is called upon to answer." Another objection might also, perhaps, have been urged to the information, that it does not directly and affirmatively aver that Allen did the acts complained of, but that it is shown by the complaint of Wilson that he did the acts mentioned. (*Hunt* v. *State*, 9 Texas Ct. App., 404.) Had the words which we have italicised above been contained in parenthesis or omitted entirely, the information would not have been obnoxious on this ground. Appearing as they do in the information, to say the least of it they make the allegations uncertain. "It is a general rule that an indictment or information must directly and with certainty aver the facts which constitute the offense, and not leave them to be deduced by argument or inference." (Hunt's case, 9 Texas Ct. App., 404.)

Prior to the adoption of the common sense bill, the rule adopted and recognized with regard to indictments for aggravated assault was that "the indictment should allege some of the particular acts or circumstances which are necessary under the Penal Code to constitute the offense. This rule, however, is not applicable to indictments (or informations) for simple assaults and batteries, or to assaults with intent to murder." (*Browning* v. *State*, 2 Texas Ct. App., 47.)

In our opinion this rule is still the law in this State, and that the form prescribed by the common sense bill for indictments and informations for aggravated assault is an infraction of the constitutional provision which guarantees to the accused in all criminal prosecutions the right "to demand the nature and cause of the accusation against him." See *Williams* v. *State*, decided at the Austin term, 1882. (12 Texas Ct. App., 395.)

Because the court erred in overruling the motion to quash the information the judgment is reversed, but the prosecution will not be dismissed, inasmuch as the complaint is sufficient to charge simple assault, and the prosecutor may, if he sees fit, prepare another information based upon said complaint for that offense.

*Reversed and remanded.*

Opinion delivered October 14, 1882.